DOWNEY, Judge.
Appellant was arrested and taken into custody for trafficking in cocaine on March 13,1982. An information was filed against him, he pleaded not guilty, and trial was scheduled for May 25,1982. On the day of trial, the state announced that it had nolle prossed the original information and refiled a new one on the day before, which included the allegation that appellant “knowingly” trafficked in cocaine. A second capias was issued, appellant was handcuffed and rebooked under the new information, and the original bond was continued at the request of defense counsel. Appellant was subsequently arraigned under the new information on May 27, 1982.
Trial was set for August 23, 1982, and the court noted that speedy trial would run on September 9, 1982. On the date of trial neither appellant nor his counsel appeared. Thereafter, on September 16, 1982, appellant filed a motion for discharge based on a violation of speedy trial, Florida Rule of Criminal Procedure 3.191(a)(1), which was denied.
Appellant was subsequently arrested by federal authorities on an unrelated matter on April 13, 1983, in Ohio. On June 14, 1983, appellant, believing that a detainer had been lodged against him by the Florida court, sent a handwritten letter to the Florida State Attorney’s Office, requesting a final disposition pursuant to section 941.45, Florida Statutes (1985) (Interstate Agreement on Detainers). However, a detainer was not actually filed against appellant until August 28, 1985. Further, appellant’s “request” did not include a certification by the prison officials holding him in custody as required by the statute and a copy thereof was apparently not sent to the court, as required, since a copy was not found in the court file.
On February 19, 1986, appellant filed a Motion to Disclose Identity of Confidential Informant, alleging that the informant was present during the entire transaction, participated in the crime, and his testimony was necessary to appellant’s defense of entrapment. Said motion was ultimately denied by the court following a hearing.
On February 25, 1986, appellant filed a motion for discharge pursuant to section 941.45, alleging that he had made a request for final disposition on June 14,1983, which should have invoked his right to trial within 180 days from the date that the detainer *606 was lodged against him on August 28, 1985. The motion was denied at the hearing held on February 25,1986. Thereafter, appellant entered a plea of nolo contendere, reserving the right to appeal the denial of the motion for discharge, and any other prior motions that were denied. The court accepted the plea and sentenced appellant to fifteen years’ imprisonment, to run concurrent with his federal sentence, plus a fine of $250,000. This appeal followed.
Appellant’s first appellate point suggests error in denying his motion for discharge under the speedy trial rule, Florida Rule of Criminal Procedure 3.191. However, neither appellant nor his counsel appeared for trial on August 23, 1982, thus nullifying the time strictures of that rule. Appellant contends he was not required to appear at that time because the original information had been nolle prossed and he had not been rearrested and refiled upon. The record reflects that a new information was filed, appellant was handcuffed, re-booked, a capias was processed, and the same bond carried over on the new information. Thereafter, he was arraigned under this new information and a trial date was set.
Next, appellant contends error was committed in denial of the motion for discharge under section 941.45, or under his sixth amendment right to speedy trial. In support of this point appellant argues that, while incarcerated in federal prison in 1983, he sent a letter to the State Attorney in Broward County requesting final disposition of the pending criminal prosecution. This triggered the speedy trial time of 180 days according to appellant. However, use of section 941.45(3), Florida Statutes (1985), was not then available to appellant because Florida had not yet lodged a detainer with the Ohio authorities. Furthermore, the request did not substantially meet the requirements of the statute regarding the information pertaining to his Ohio commitment. Therefore, we hold, as did the trial court, that appellant’s resort to the Interstate Detainer Act did not trigger the running of the 180-day period. Nor is appellant’s reliance upon a violation of his sixth amendment rights well placed. There was no appreciable delay as appellant’s motion for discharge was filed on the 181st day after the detainer was lodged with the Ohio authorities.
The final point presented has to do with the court’s denial of appellant’s motion to identify and produce the confidential informant to support his defense of entrapment. In actuality, the court never did deny said motion, it merely postponed ruling on it until the defendant was ready to present his case. That point was never reached because appellant decided in the interim to plead nolo contendere. Thus, the question was mooted. In addition, ruling on that question would not be disposi-tive of the case and cannot be considered after a plea of nolo contendere.
In view of the foregoing, the judgment and sentence appealed from are affirmed.
ANSTEAD and DELL, JJ., concur.